PIKE MOTOR COMPANY, Inc., et al.,
Appellants,

v.

Stuart H. ADAMS et al., Appellees.

Court of Appeals of Kentucky.

June 5, 1964.

L. D. May, Pikeville, W. A. Johnson, Paintsville, for appellants.

O. T. Hinton, Pikeville, George Chad Perry, III, Paintsville, for appellees.

STEWART, Judge.

Appellees, Stuart H. Adams and Geneva Adams, have failed to file a brief and, pursuant to RCA 1.260, we have elected to invoke the application of subsections (1) and (2) in deciding this case, namely: "Accept appellant's statement of the facts and issues as correct, (and) reverse if appellant's brief reasonably appears to sustain such action."

On March 21, 1956, Brown-Tomblin Ford Sales, Inc., a West Virginia corporation which later changed its name to Tomblin-Ford Co., Inc., having qualified to do business in Kentucky, negotiated with appellees, Stuart H. Adams and Geneva Adams, to purchase a Ford agency in Paintsville, buy the stock of merchandise, parts and equipment, and lease the building in which the Ford agency was operating for a period of five years at a rental of $600 per month. The management incorporators and stockholders were Herbert Brown and Sam Tomblin. (A sister of the latter was a nominal incorporator and stockholder.) Later, Brown sold his shares of stock to J. W. Tomblin, Jr., a brother of Sam Tomblin and also a stockholder in and president of Pike Motor Co., Inc., which carried on the Ford agency in Pikeville.

In March, 1958, Tomblin-Ford Co., Inc., was in financial difficulties; it was two months behind in rent and had no operating capital. Sam Tomblin, president of Tomblin-Ford Co., Inc., moved the business out of the building. On March 11, 1958, appellees instituted suit against Tomblin-Ford Co., Inc., for $1800 rent that was past due. They secured an attachment and took possession of the building and the property therein. The attachment, however, was discharged on March 15, 1958.

Nothing further occurred until January 30, 1960, when appellees filed an amended complaint, asking that J. W. Tomblin, Jr.,

and Pike Motor Co., Inc., appellants herein, as well as Brown-Tomblin Ford Sales, Inc., and Matewan Motor Co., (a West Virginia corporation which was absorbed by Brown-Tomblin Ford Sales, Inc.) be made parties defendant. This pleading alleged in substance that the debt due aggregates $7500 for rent which is in arrears; that J. W. Tomblin, Jr., is the sole owner of the "so-called" corporations named in the complaint and amended complaint; that they are not in fact or in law legally constituted or operating corporations but are merely names under which J. W. Tomblin, Jr., does business; or, if they are corporations, that J. W. Tomblin, Jr., is the sole owner and manager of them and individually liable for all their acts and undertakings; and that these corporations are indebted to J. W. Tomblin, Jr., to the extent of their full net assets, and he owns all such assets.

At the trial in January, 1961, the jury found for appellees in the sum of $7500, plus 6% interest from December 15, 1958, against Tomblin-Ford Co., Inc., Pike Motor Co., Inc., and J. W. Tomblin, Jr. From the judgment entered on this verdict J. W. Tomblin, Jr., and Pike Motor Co., Inc., have appealed.

KRS 271.215(2) states: "A shareholder of a corporation * * * shall not be personally liable for any debt or liability of the corporation."

J. W. Tomblin, Jr., in testifying, stated he was very much interested in assisting his brother, Sam Tomblin, in every possible way with the new business in Paintsville; and that the Pike Motor Co., Inc., in order to get this new business off to a good start, became an endorser on a note of Sam Tomblin and Herbert Brown for $20,000. He further stated that Brown in 1957, wanting to get out of the Ford agency at Paintsville, sold him his interest in the corporation and he became an unwilling stockholder but not an officer of Tomblin-Ford Co., Inc. His reason for taking this step was in order to help salvage the business.

Appellees did not undertake to prove any of the allegations in their amended complaint to the effect that any of the corporations named therein were not legally organized and maintained. It was conclusively shown the Pike Motor Co., Inc., and Tomblin-Ford Co., Inc., were separate and distinct corporate entities, and their only relationship to each other was that of debtor and creditor. An effort was made on the part of appellees to prove these two corporations had commingled their property, but it is our view the evidence fell far short of establishing such a fact.

We are therefore of the opinion the trial court should have sustained the motion for a directed verdict made on behalf of appellants, Pike Motor Co., Inc., and J. W. Tomblin, Jr., at the completion of appellees' evidence and again at the completion of all the evidence. Neither the Pike Motor Co., Inc., nor J. W. Tomblin, Jr., under the evidence introduced became even remotely liable for the debts of Tomblin-Ford Co., Inc.

Wherefore, the judgment is reversed and the case is remanded for consistent proceedings.